```
UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF TENNESSEE
          AT GREENEVILLE
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) No: 2:14-CR-107-012 |
| | ) Judge Reeves |
| BRETT THOMAS CARROLL, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM

The United States of America, by and through William C. Killian, United States Attorney for the Eastern District of Tennessee, pursuant to U.S.S.G. § 5K1.1, moves for a downward departure below the defendant's advisory sentencing guideline range to reflect defendant's substantial assistance in the investigation and prosecution of other persons. The United States also simultaneously submits the herein sentencing memorandum recommending an appropriate sentence which includes a discussion of the sentencing factors contained within 18 U.S.C. 3553(a).

The defendant entered a guilty plea on April 6, 2015 to Counts One and Two of the Second Superseding Indictment charging him with conspiracy to distribute and possess with the intent to distribute a-PVP, a Schedule I controlled substance analogue, and conspiracy to distribute and possess with the intent to distribute a-PVP, a Schedule I controlled substance, both in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 841(b)(1)(C). For purposes of this motion,

the facts of this offense are set forth in paragraphs 11 through 19 at pages 6 through 8 of the Presentence Investigation Report dated July 27, 2015, and incorporated herein by reference.

As noted in the PSR, the defendant was arrested on a number of occasions in 2013 and 2014. Some of these arrests were a-PVP related and others involved different types of drugs, paraphernalia and other miscellaneous offenses. On multiple occasions, the defendant supplied information to law enforcement. This information was generally in the form of who was currently dealing gravel and who he was obtaining the gravel from. On at least one occasion, the defendant agreed to cooperate with law enforcement in a more proactive manner rather than simply giving information. He called another individual at the direction of law enforcement with the goal to buy an approximate ounce of a-PVP. However, this deal never materialized. The unfortunate end result of all of this was that the defendant could not remain clean from drugs and continued to re-offend. These continued arrests and violations of the law served to destroy the cooperation he had previously rendered.

The defendant was arrested again on May 10, 2014 after he was pulled over for a traffic stop in Johnson City, Tennessee. He had approximately 8 grams of a-PVP on his person. A subsequent search of the motel room where he had been staying resulted in the seizure of approximately three more grams of gravel, digital scales and numerous other items of drug paraphernalia. The defendant agreed to give a detailed statement to law enforcement agents subsequent to this arrest. During this statement, the defendant told officers how he got involved with a-PVP and admitted his dealings and interactions with co-defendants Geri Ward, Opie Ward, Scott Braddock, Jimmy Mclain, Mike Mangum, Rick Hillman and others. Conspicuously absent from that list of people was co-defendant Donya Fleenor, his girlfriend during portions of the conspiracy.

The defendant was indicted by a federal grand jury in this case on December 9, 2014 and was originally arrested in Georgia. As noted in paragraph 9 of the PSR, the defendant did not comply with all Court ordered conditions while on pretrial release from the Northern District of Georgia. One condition of his release was that he avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution. Within two days of his release in Georgia, the defendant contacted a third party through Facebook in an attempt to speak with co-defendant Donya Fleenor. He asked the third party to deliver a message to Fleenor despite being told that any contact with co-defendants would violate his pretrial release.

Ultimately, 15 defendants were charged in the present indictment and all 15 defendants have now signed plea agreements. The defendant was the sixth person to sign a plea agreement in this case. Further, the defendant's girlfriend during a period of the conspiracy, co-defendant Donya Fleenor signed her plea agreement about a month and a half before him. Since no defendants proceeded to trial, it was not necessary to call the defendant as a witness.

However, it is noted that the previous statements made by the defendant to law enforcement were provided in discovery to the other defendants in this case and in the subsequent indictment, *U.S. v. Shelton et al*, 2:15-CR-042. While the cases against his remaining co-defendants were very strong, it is certainly possible that his statements provided in discovery, along with his signed plea agreement and willingness to testify played some factor in the ultimate decisions of others to subsequently also plead guilty.

Due to the defendant's decision to plead and cooperate early in this prosecution, in the opinion of the United States, the defendant "has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." The United

States has considered the following factors, listed in U.S.S.G. § 5K1.1(a) in making that determination:

(1) The significance and usefulness of the defendant's assistance;

(2) The truthfulness, completeness and reliability of any information or testimony provided by the defendant;

(3) The nature and extent of the defendant's assistance;

(4) Any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and

(5) The timeliness of the defendant's assistance.

The defendant was substantially involved in this conspiracy. He has stipulated to being accountable for 4,000 grams of a-PVP from May 2012 through December 2014. The defendant also has a significant criminal history. The defendant is a criminal history category V. It is noted that two of his prior convictions involved the presence of firearms (paragraphs 40 and 43 of the PSR).

The Presentence Investigative Report (PSR) prepared by U.S. Probation establishes a guideline range of 120 to 150 months. If the court grants this motion for a downward departure pursuant to U.S.S.G. § 5K1.1, the United States recommends a two level reduction in the advisory guideline range to an offense level 25 and a criminal history category V, or a range of 100 to 125 months. The United States believes that such a departure would adequately reward the defendant for his cooperation, in addition to providing substantial punishment and deterrence for his actions. This sentence would also take into account the §3553 factors outlined in the presentence report.

4

Based upon all of the evidence and after consideration of all of the §3553 factors, the United States recommends a sentence of approximately 110 months. The United States objects to any departure or variance from the correctly calculated sentencing guideline range.

Respectfully submitted this, the 24th day of November, 2015.

                                  WILLIAM C. KILLIAN
                                  United States Attorney

By:   s/ Donald Wayne Taylor
        DONALD WAYNE TAYLOR
        Assistant United States Attorney
        220 W. Depot Street, Suite 423
        Greeneville, TN 37743
        423/639-6759

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2015, the foregoing was filed electronically. Notice of this filing was sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. Counsel not indicated on the court's EFS will be served by regular U.S. Mail, postage prepaid.

By:   s/ Donald Wayne Taylor
        DONALD WAYNE TAYLOR